IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00381-BNB

CHARLES ROBERT SHEPARD,

     Plaintiff,

v.

BILL RITTER, JR., dba Governor of the State of Colorado,
ARISTEDES W. ZAVARAS, dba Executive Director, Colo. Dept. of Corr.,
CHERYL SMITH, dba Director of Medical Services,
HEATHER PURDUE, dba Director of Human Services,
ANTHONY A. DeCESARO, dba Grievance Officer, CDOC, and
ANY AND ALL PARTIES (JANE AND JOHN DOE) DETERMINED TO BE
     COMPLICITOUS, et al.,

     Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 8 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Charles Robert Shepard, is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Shepard has filed *pro se* a Prisoner Complaint asserting two claims pursuant to 42 U.S.C. § 1983 in which he alleges that his rights under the United States Constitution have been violated. Mr. Shepard also asserts a state law claim. The court must construe the complaint liberally because Mr. Shepard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Shepard will be ordered to file an amended complaint if he wishes to pursue his claims.

The court has reviewed the complaint filed by Mr. Shepard and finds that it is

deficient because Mr. Shepard fails to allege facts that demonstrate how the named Defendants personally participated in the asserted constitutional violations. Although Mr. Shepard asserts that he has been subjected to cruel and unusual punishment and that he has been denied due process, he fails to provide specific factual allegations that detail how each named Defendant allegedly subjected him to cruel and unusual punishment and denied him due process.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Shepard must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Shepard will be ordered to file an amended complaint to allege personal participation in the asserted constitutional violations by each of the named Defendants. Mr. Shepard is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

2

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Shepard also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Shepard should name as Defendants in the amended complaint the persons he believes actually violated his constitutional rights. Accordingly, it is

ORDERED that Mr. Shepard file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Shepard, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Shepard fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 28, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00381-BNB

Charles Robert Shepard
Prisoner No. 99669
Fort Lyon Corr. Facility
PO Box 1000
Fort Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on  4/28/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk